

**SO ORDERED.**

**SIGNED this 7th day of July, 2016.**

*Catharine R Aron*
UNITED STATES BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **Robert Norman Dean and** | ) | **Case No. 10-50773** |
| **Lisa Dahmer Dean,** | ) | |
| | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |

**<u>MEMORANDUM OPINION</u>**

This case came before the Court on June 15, 2016, upon the Motion to Avoid Lien of

Ferguson Enterprises, Inc. regarding 8619 Brandy Trace Lane, Stokesdale, North Carolina (the

"Motion") [Doc. # 91] filed by Robert Norman Dean and Lisa Dahmer Dean (the "Debtors") on

May 10, 2016, the Objection to the Motion (the "Objection") [Doc. # 95] filed by Ferguson

Enterprises, Inc. (hereinafter "Ferguson") on May 23, 2016, and the Memorandum of Law in

Support of Motion to Avoid Judicial Lien and Reply to Objection of Ferguson Enterprises, Inc.

(the "Memorandum in Support of Motion") [Doc. # 96] filed by Debtors on June 8, 2016. At the

hearing, Kristen Nardone appeared on behalf of the Debtors. Connie Carrigan appeared on behalf

1

of Ferguson. The Debtors were not present at the hearing. After considering the Motion, the Objection, the Memorandum in Support of Motion, the argument of the parties, and the record in this case, the Court finds that the Objection should be overruled and the Motion should be granted.

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C . §§ 151, 157(a), 1334, and Local Rule 83.11 of the District Court for the Middle District of North Carolina. This is a core proceeding under 28 U.S.C. § 157(b)(2) which this Court may hear and determine.

## FACTS

The relevant facts are not in dispute. On April 20, 1992, the male Debtor, along with his then wife, Terri S. Dean (wife #1), obtained title to real property located at 8619 Brandy Trace Lane, Stokesdale, Guilford County, North Carolina (the "Property"). On October 8, 1998, the two transferred ownership of the Property to the male Debtor individually. Sometime thereafter, the male Debtor divorced Terri S. Dean and married Lisa Dean (wife #2 and the female Debtor).

On April 17, 2008, Ferguson obtained a pre-petition judgment against the male Debtor which was docketed in Wake County. Ferguson's judgment was transcribed to Guilford County, North Carolina on June 13, 2008.

On April 27, 2010, the Debtors filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code. The Debtors listed the Property on Schedule A as tenancy by the entireties property and listed the judgment debt held by Ferguson as an unsecured debt. The Debtors claimed wildcard exemptions on the property. Debtors' counsel did not conduct a property search.  Believing the Property was held in tenancy by the entirety, and, thus immune

from attachment for the debt of one spouse, counsel for the Debtors did not move to avoid the judgment lien under § 522(f) of the Bankruptcy Code. On August 20, 2010 the Debtors were granted a discharge. The case was closed on October 23, 2012.

After the bankruptcy filing, the Debtors divorced, and on September 14, 2011, the male Debtor executed a deed to transfer the Property to Lisa Simmons (Dean) (wife #2) and her husband Adrian Simmons. The deed was not recorded until December 18, 2015.[1]

The female Debtor recently attempted to refinance the Property and discovered Ferguson's judgment lien, along with a judgment lien held by Noland Company ("Noland") which was recorded in Guilford County on March 6, 2008. In light of these discoveries, the Debtors filed a Motion to Reopen (the "Motion to Reopen") the Case to avoid the liens. The Motion to Reopen was served upon Ferguson care of Corporation Service Company and care of Frank W. Roach, President and upon Noland care of Corporation Service Company and care of Monte L. Salsman, President. A hearing on the Motion to Reopen was scheduled for April 21, 2016. Notice of the hearing was given to Ferguson at P.O. Box 351, Raleigh, NC, 27602 and to Noland at P.O. Box 3427, Greensboro, NC, 27402. At the hearing on the Motion to Reopen, no party appeared to oppose the reopening, and the motion was granted.[2] The matter now before the Court is whether Ferguson's lien may be avoided at this time, and if so, to what extent.

---

[1] The Motion to Reopen stated that, upon information and belief, the female Debtor is the sole owner of the Property. The fact that, for a second time, no title search was performed on the Property is disturbing to the Court.

[2] Courts frequently deny motions to reopen if there has been an unreasonable delay and a party in interest objects. *See, e.g.*, *In re Tarkington*, 301 B.R. 502, 509 (Bankr. E.D. Tenn. 2003) (finding that seventeen month delay between the Debtors' case closing and their motion to reopen constituted an unreasonable delay); *In re Frasier*, 294 B.R. 362, 369 (Bankr. D. Colo. 2003) ("[T]he Court concludes that the blow delivered to these creditors by allowing the reopening of the case, three years after the filing of the judgment liens, seventeen months after the case was filed, and fourteen months after discharge, for the sole purpose of avoiding their judicial liens, cannot be softened or otherwise ameliorated by means other than to deny the Motion to Reopen Bankruptcy Case."); *In re Caicedo*, 159 B.R. 104, 108 (Bankr. D. Conn. 1993) (finding, implicitly, that eight year delay between case closing and motion to reopen case constituted unreasonable delay).

## DISCUSSION

Generally, liens pass through bankruptcy unaffected. Some liens may be modified or extinguished, however, if a debtor takes affirmative action against them. *Keene v. Charles*, 222 B.R. 511 (E.D. Va. 1998), *aff'd*, 178 F.3d 1284 (4th Cir. 1999). Section 522(f) sets forth a mathematical formula under which judicial liens may be avoided.  Under § 522(f), a debtor may avoid a judicial lien which encumbers an interest of the debtor in property to the extent that such lien impairs an exemption that the Debtor is entitled to claim.  *Id.* If a judicial lien is avoided under § 522 and the debtor receives a discharge, then the property is no longer within a judgment creditor's reach, and the debtor is entitled to retain the property to aid in efforts for a fresh start. *In re Canelos*, 216 B.R. 159 (Bankr. D. Md. 1997).  Before addressing the extent to which Ferguson's lien may be impacted by an analysis under § 522, the Court must first determine whether it is procedurally appropriate to consider avoiding the lien at this time.

A.  *Should the Court Consider Avoiding the Lien?*

Unlike other provisions in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, neither § 522(f) nor Fed. R. Bankr. P. 4003(d) provides a statute of limitations for filing a motion to avoid a lien. Furthermore, § 350(b), Fed. R. Bankr. P. 5010, and Fed. R. Bankr. P. 9024 do not provide any time limitations for filing a motion to reopen a case. Case law, however, clearly dictates that such motions are subject to equitable limitations and may be denied for reasons such as prejudice, laches, reliance, estoppel, or fraud. *In re Hall*, 327 B.R. 424 (Bankr. W.D. Mo. 2005); *In re Saucier*, 353 B.R. 383 (Bankr. D. Conn. 2006).

Ferguson raises the equitable defense of the doctrine of laches to bar Debtors' requested relief, due to the Debtors' four year delay in bringing this action before the Court. The doctrine of laches is only available to prevent injustice. The burden of proving laches as a defense rests

4

with the party asserting it. *In re Ogelsby*, 519 B.R. 699, 704 (Bank. N.D. Ohio 2014). "As a general rule, courts will apply the doctrine of laches when the following two elements are present: (1) lack of diligence by the party against whom the defense is asserted, *and* (2) prejudice to the party asserting the defense." *Costello v. U.S.*, 365 U.S. 265, 283 (1961) (emphasis added). In order to determine whether the doctrine of laches applies to a particular claim for relief, the court must examine and balance the facts of the case with equity.[3]

"[P]assage of time in itself does not constitute prejudice," but it may be prejudicial when combined with other factors. *In re Bianucci*, 4 F.3d 526, 528-29 (7th Cir. 1993); *see also In re Rising*, No. 07-50123, 2015 WL 393416, at *2 (Bankr. M.D.N.C. Jan. 8, 2015) (noting the distinction between delay and prejudice in the context of a request to reopen a case); *Cole v. Fifth Third Bank, Inc. (In re Cole)*, 521 B.R. 410, 413 (Bankr. N.D. Ga. 2014) ("[T]ime delay is relevant to the extent it bears on the diligence of the debtor in seeking to reopen the case and any prejudice to the opposing creditor if the case were reopened." (internal quotations omitted)). Similarly, the loss of a creditor's security interest does not constitute prejudice, because the denial of an "accidental benefit" attained as consequence of a mistake by the debtors or their counsel is not detrimental to the creditor. *Hawkins v. Landmark Finance Co.*, 727 F.2d 324, 327 (4th Cir. 1984); *In re Male*, 362 B.R 238, 242 (Bankr. E.D.N.C. 2007).

Prejudice does exist, however, if parties have incurred costs in executing on a judgment lien in state court in reliance upon a debtor's previous inaction in bankruptcy. *See Hawkins*, 727 F.2d at 327 (holding that an eight month delay between a case closing and a motion to reopen case, coupled with fact that the creditor had incurred expenses in initiating a foreclosure proceeding in reliance upon the fact that the debtors had not challenged the validity of its lien

---

[3] The defense of laches helps to protect one of the underlying principles of bankruptcy – to secure the prompt and effective administration of the bankrupt estate within a limited period, *Katchen v. Landy*, 382 U.S. 323, 328-29, 86 S.Ct. 467, 472 (1966).

during the pendency of their bankruptcy case, constituted prejudice); *In re Bianucci*, 4 F.3d at 529 (finding that a delay of seven years between a case closing and a motion to reopen, along with additional expenses a creditor incurred enforcing the lien in the interim, precluded the relief requested); *In re Frasier*, 294 B.R. at 368 (finding that creditors who expended fees and costs in efforts to enforce their liens through a scheduled Sheriff's sale of property had suffered prejudice). Courts also have found prejudice exists if parties will have to incur additional expenses to defend an action. *See In re Tarkington*, 301 B.R. at 509 (explaining that, in the context of reopening a case, a matter within the discretion of the Court, prejudice would be incurred by the creditor in the form of additional expenses if the case were reopened to avoid a lien); *In re Caicedo*, 159 B.R. at 107 (noting that the expense to secure a historic appraisal to confirm the balance of a lien on the petition date constitutes prejudice).

Ferguson concedes that it has not taken any actions to enforce or execute its lien. It has retained counsel and incurred attorneys' fees to oppose this motion. Nevertheless, based upon the facts presently before the Court, including that the case was reopened without objection, the Court finds that Ferguson has not carried its burden of proving that any alleged prejudice it may have suffered outweighs the harm to the Debtors in not allowing the Motion. Therefore, the Court finds that Ferguson's objection should be overruled.

### B.  To What Extent Should the Lien Be Avoided?

Having determined that consideration of the Motion is not barred by laches, the Court must determine the extent to which the lien may be avoided under § 522. The total value of the Property as of the Petition Date was $85,900.00. Ferguson's judicial lien as of the petition date, including attorney's fees, costs and interests totaled $145,335.28. In addition to Ferguson's judicial lien, the Property was subject to the following senior liens listed in the order of priority:

a.  Deed of Trust held by Citimortgage, Inc., securing indebtedness with an

unpaid balance of $58,889.00 as of the petition date;

b.  Deed of Trust held by Beneficial Mortgage/HFC, securing indebtedness with

an unpaid balance of $20,921.00 as of the petition date;

c.  Judgment lien held by Noland Company, transcribed in Guilford County on

March 6, 2008, securing indebtedness of $122,799.79, including attorney's

fees, costs and interest as of the petition date.

The male Debtor claimed an exemption in the Property in the amount of $5,000.00

pursuant to N.C.G.S. § 1C-1601(a)(2).

The value of the male Debtor's ownership interest in the Property if there were no liens

on the Property was $85,900.00 as of the petition date.

Ferguson's judicial lien impaired the male Debtor's exemption in the Property following

the formula set forth in 11 U.S.C. § 522(f)(2):

| Amount of Ferguson's Judicial Lien | | $145,333.28 |
|---|---|---|
| Total amount of all other liens on the Property | + | $202,609.79 |
| Amount of Debtor's exemption if there were no liens on the Property | + | $5,000.00 |
| Value of the Debtor's interest in the Property if there were no liens on | - | $85,900.00 |
| Extent of impairment of Debtor's exemption in the Property | | $267,043.07 |

The total aggregate of all liens on the Property and the value of the male Debtor's

exemption exceeded the value of the male Debtor's interest in the Property by an amount greater

than the amount of Ferguson's judicial lien.   Ferguson's judicial lien fully impaired Debtor's

exemption, and, therefore, may be completely avoided pursuant to § 522(f)(1).

## <u>CONCLUSION</u>

For the above stated reasons, the Court will grant the Debtors' motion to avoid Ferguson's judicial lien and will overrule Ferguson's objection. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

**END OF DOCUMENT**

SERVICE LIST

Robert Norman Dean
202 Dogwood Hills Drive
Brevard, NC 28712-8864

Lisa Dahmer Dean
2022 N.C. Hwy 65E
Walnut Cove, NC 27052

Kristen Nardone
Attorney for Debtors

Connie Carrigan
Byron Saintsing
Attorneys for Ferguson

William Miller
US Bankruptcy Administrator

C. Edwin Allman, III
Trustee